UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

FABIAN RONALD REYES-LOPEZ,
Defendant.

Docket No. * 2:26-cr-5

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney's Office for the

District of Vermont (hereafter "the United States"), and the defendant, FABIAN RONALD

REYES-LOPEZ, agree to the following in regard to the disposition of pending criminal charges.

1.  FABIAN RONALD REYES-LOPEZ agrees to waive Indictment and plead guilty to

Count 1 of the Information charging him with aiding and abetting the transport or attempted

transport of illegal aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii),

(a)(1)(A)(v)(II).

2.  FABIAN RONALD REYES-LOPEZ understands, agrees and has had explained to him

by counsel that the Court may impose the following sentence on his plea: up to 10 years of

imprisonment, pursuant to 8 U.S.C. § 1324(a)(1)(B)(i); up to 3 years of supervised release,

pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; and a $100

special assessment pursuant to 18 U.S.C. § 3013.

3.  FABIAN RONALD REYES-LOPEZ agrees to plead guilty because he is, in fact, guilty

of the above crime.

4.  FABIAN RONALD REYES-LOPEZ stipulates to, agrees with, and admits the following

facts:

1

a.  On December 8, 2025, FABIAN RONALD REYES-LOPEZ while aiding and abetting or acting in concert with KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ, and others, attempted to transport or move one or more aliens within the United States.

b.  FABIAN RONALD REYES-LOPEZ knew or recklessly disregarded the fact that the aliens she attempted to transport had come to the United States illegally.

c.  Prior to the night of December 8, 2025, KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ rented a vehicle to assist FABIAN RONALD REYES-LOPEZ with the transportation of aliens who had illegally crossed from Canada into the United States.

d.  During the nighttime hours of December 8, 2025, FABIAN RONALD REYES-LOPEZ and KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ waited in the rented vehicle in a rural area of Vermont to pick up one or more aliens who had come to the United States in violation of law.

e.  On December 8, 2025, at approximately 8:30 p.m., agents of the United States Border Patrol detected the passage of several individuals who illegally crossed into the United States from Canada. Those individuals were detected by a camera as they walked through the woods.

f.  The United States Border Patrol dispatched numerous agents to detain the individuals who had come to the United States in violation of law and to investigate whether anyone was present to unlawfully provide transportation for those individuals.

g.  At approximately 11:30 p.m., a United States Border Patrol agent found FABIAN RONALD REYES-LOPEZ and KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ on Lake Road as they waited in the vehicle rented by KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ. The area of Lake Road where the vehicle was parked was in the vicinity of Franklin, Vermont and close to the area where the aliens were walking through the woods. FABIAN RONALD REYES-LOPEZ, who was driving the rented vehicle, honked the vehicle's horn while the vehicle was parked on the side of the road. The purpose of honking the horn was to alert the aliens who were walking through the woods to the location of the vehicle. FABIAN RONALD REYES-LOPEZ and KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ planned to transport those aliens to New York after picking them up in Vermont. Other United States Border Patrol agents found and detained two of the aliens who had previously been detected by cameras as they walked through the woods.

h.  FABIAN RONALD REYES-LOPEZ and KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ eventually traveled, in the rented vehicle, a short distance and turned off Lake Road onto Dewing Road. The United States Border Patrol Agent followed the rented vehicle and stopped it on Dewing Road.

i.  United States Border Patrol agents arrested KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ and FABIAN RONALD REYES-LOPEZ. Additional investigation revealed text messages between KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ and FABIAN RONALD REYES-LOPEZ about their plans to pick up aliens in Vermont and transport them to New York.

j. KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ and FABIAN RONALD REYES-LOPEZ engaged in the conduct mentioned above for the purpose of financial gain. KELBYS JOSEFINA VELAZQUEZ-GUTIERREZ and FABIAN RONALD REYES-LOPEZ unlawfully transported aliens who had come to the United States in violation of law for the purpose of financial gain on multiple occasions prior to December 8, 2025.

5. FABIAN RONALD REYES-LOPEZ understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. FABIAN RONALD REYES-LOPEZ acknowledges that he understands the nature of the charge to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. FABIAN RONALD REYES-LOPEZ fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing.

There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. FABIAN RONALD REYES-LOPEZ fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. FABIAN RONALD REYES-LOPEZ acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. FABIAN RONALD REYES-LOPEZ understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. FABIAN RONALD REYES-LOPEZ agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. FABIAN RONALD REYES-LOPEZ agrees to pay the special assessment at the time of sentencing.

10. FABIAN RONALD REYES-LOPEZ recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. FABIAN RONALD REYES-LOPEZ nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. The United States agrees that in the event that FABIAN RONALD REYES-LOPEZ fully and completely abides by all conditions of this agreement, the United States will:

    a.  not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

    b.  recommend to the sentencing Court that she be sentenced to time served if the total offense level is 12 or below;

    c.  recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

6

  d. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

12. If the United States determines, in its sole discretion, that FABIAN RONALD REYES-LOPEZ has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. FABIAN RONALD REYES-LOPEZ understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

13. It is understood and agreed by the parties that should FABIAN RONALD REYES-LOPEZ's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. FABIAN RONALD REYES-LOPEZ also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

14. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

15. FABIAN RONALD REYES-LOPEZ expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, DEVIN T. MCKNIGHT, Esq. FABIAN RONALD REYES-LOPEZ further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, FABIAN RONALD REYES-LOPEZ expressly states that he is fully satisfied with the representation provided by his attorney, DEVIN T. MCKNIGHT, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

16. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
Assistant United States Attorney
Chief, Criminal Division

CHARLES W. KIRKHAM  *David Golubock*
Special Assistant U.S. Attorney

__3/3/26__
Date

__02/19/2026__
Date

FABIAN RONALD REYES-LOPEZ
Defendant

I have read, fully reviewed and explained this agreement to my client, FABIAN RONALD REYES-LOPEZ. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

__03/02/2026__
Date

DEVIN T. MCKNIGHT
Counsel for the Defendant